UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEAN M. RYNDERS and TIMOTHY W. RYNDERS,

    Plaintiffs,

    v.

SUPERVALU, INC. d/b/a SHOP'N'SAVE,

    Defendant.

Case No. 07-cv-576-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 7) filed by defendant Supervalu, Inc.:

1.    **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The Notice of Removal alleges the plaintiffs' residence but not their citizenship.

The Court hereby **ORDERS** that the defendant shall have up to and including August 31, 2007, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The defendant is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 20, 2007**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**

Dockets.Justia.com