UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEAN M. RYNDERS and TIMOTHY W. RYNDERS,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERVALU, INC. d/b/a SHOP'N'SAVE,<br><br>Defendant. | Case No. 07-cv-576-JPG |

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

This matter comes before the Court on the plaintiffs' motion to reconsider the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b) and for leave to file an amended complaint (Doc. 16). The Court also addresses its jurisdiction to hear this case.

The plaintiffs in this case raise state law causes of action. The defendant removed this case to federal court and moved to dismiss it because the plaintiffs had sued the wrong corporate entity. The plaintiffs failed to respond to the motion to dismiss, which, after due warning, the Court construed as an admission of the merits of the motion to dismiss and dismissed the case with prejudice.

In the pending motion, the plaintiffs attribute their failure to respond to a clerical error of the Clerk's Office which ultimately resulted in their counsel not receiving notice of the motion or the order to show cause why the case should not be dismissed based on the failure to respond to the motion. Promptly after the plaintiffs' counsel discovered the clerical error, he took action to remedy it. The plaintiffs now seek to reopen the case and file an amended complaint naming a new corporate defendant, Shop'n Save Warehouse Foods, Inc., a subsidiary of the current defendant, Supervalu, Inc.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in

exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Rule 60(b) relief is appropriate in this case. The plaintiffs' delinquency was not their fault, and the Court should allow them the opportunity to remedy it. Therefore, the Court **GRANTS** the motion to reconsider (Doc. 16), **VACATES** the order of dismissal (Doc. 14) and the judgment (Doc. 15) and **REINSTATES** this case.

The Court further believes amendment of the complaint to change the corporate defendant is justified under Federal Rules of Civil Procedure 15(a)(2) and 21. It therefore **GRANTS** the motion for leave to amend the complaint (Doc. 16) and **ORDERS** that the plaintiffs shall have three days from the date this order is entered to electronically file their amended pleading. <u>The proposed amended complaint submitted to the Court has not been filed.</u> Defendant Supervalu Inc.'s motion to dismiss (Doc. 5) is rendered **MOOT** by the proposed amended pleading.

Finally, with the addition of a new party defendant, Shop'n Save Warehouse Foods, Inc., the Court's jurisdiction to hear this case under 28 U.S.C. § 1332(a), the diversity jurisdiction statute, is called into question. Diversity jurisdiction under § 1332(a) requires that the opposing parties not be citizens of the same state. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1).

The pleadings to date and the proposed amended complaint allege the citizenships of the plaintiffs and the state of incorporation of Shop'n Save Warehouse Foods, Inc. but fail to allege its

principal place of business. Remand would be appropriate in the absence of such information. *See Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). To ensure the Court has diversity jurisdiction to hear this case, the Court **ORDERS** the plaintiffs to serve, or request waiver of service of, this order along with the summons and complaint on Shop'n Save Warehouse Foods, Inc., and **ORDERS** Shop'n Save Warehouse Foods, Inc. to **SHOW CAUSE** within ten days of the date of such service or waiver why this case should not be remanded to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).

**IT IS SO ORDERED.**
**DATED: January 8, 2008**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**